```
                  UNITED STATES DISTRICT COURT
                   DISTRICT OF NEW HAMPSHIRE
```

United States

    v.                                    Criminal No. 06-cr-085-03-PB

Dedra Scott


**O R D E R**

On October 14, 2010, defendant appeared for a "probable cause" hearing under Fed. R. Crim. P. 32.1 on seven alleged violations of conditions of supervision.  Defendant stipulated to probable cause on the violations.  I therefore find probable cause that defendant has violated the conditions as charged in the petition.

Defendant sought bail conditions under Rule 32.1(a)(6). The government sought detention.  Under Rule 32.1(a)(6), defendant bears the burden of establishing by clear and convincing evidence that she will not flee and that she poses no danger to any other person or to the community.  The parties agreed to proceed by offers of proof.  In rebuttal, however, the government put on the testimony of Probation Officer Kristin Cook.  Based on the evidence presented at today's hearing, and for the reasons stated on the record, defendant has failed to meet her burden of persuading the court that she poses no danger to herself or to the community.

1

The court stated on the record its reasons for detaining defendant.  Those reasons are summarized below:

- Defendant has been arrested on two separate occasions within a one-month time frame.

- Defendant has failed to report to her probation officer on numerous occasions, despite her conditions of supervised release as well as specific oral orders to do so.

- Defendant has been deceitful to her probation officer, despite the extensive efforts her probation officer has made to get defendant the substance abuse treatment defendant needs.

- Defendant's arrest on September 10, 2010, for possession of a hypodermic needle, was under circumstances strongly suggestive that defendant continues to abuse her drug of choice:  heroin.

- On or about October 14, 2010, defendant asked a prospective roommate (Michelle Young) to lie to Officer Cook so that defendant could propose Ms. Young's address as defendant's place of residence while on bail.

- Defendant's conduct reveals that she is not amenable to supervision and is a danger to herself and the community.

The court finds that there are no conditions or combination

of conditions that are likely to assure the safety of the defendant and the community.  Accordingly, it is **ORDERED** that the defendant be detained pending a final revocation hearing.

The defendant is committed to the custody of the Attorney General or his designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal.  The defendant shall be afforded a reasonable opportunity for private consultation with defense counsel.  On order of a court of the United States or on request of an attorney for the government, the person in charge of the corrections facility shall deliver the defendant to the United States Marshal for the purpose of an appearance in connection with a court proceeding.

**SO ORDERED.**

_____
Landya B. McCafferty
United States Magistrate Judge

Date: October 15, 2010

cc:  Daniel Lustenberger, Esq.
     U.S. Attorney
     U.S. Marshal
     U.S. Probation